BOSE CORPORATION, Plaintiff–Appellee,

v.

JBL, INC. and Infinity Systems Corporation, Defendants–Appellants.

No. 02–1282.

United States Court of Appeals, Federal Circuit.

Dec. 19, 2002.

Before MICHEL, CLEVENGER, and LINN, Circuit Judges.

ON MOTION

CLEVENGER, Circuit Judge.

*ORDER*

Order Vacated, See 2003 WL 236410.

Bose Corporation moves to dismiss the appeal filed by JBL, Inc. et al. (JBL) for lack of jurisdiction due to mootness. JBL opposes. Bose replies. JBL moves to dismiss its appeal pursuant to Fed. R.App. P. 42(b). Bose opposes. Bose moves for damages and costs for defending a frivolous appeal pursuant to Fed. R.App. P. 38. JBL opposes. Bose replies.

On December 17, 2001, this court affirmed the district court's monetary judgment awarded to Bose for infringement of its patent. JBL had previously posted a supersedeas bond in the district court that stayed execution of the judgment pending the disposition of the appeal. After our ruling, Bose moved to compel the surety to pay the bond. JBL moved to extend the stay that was occasioned by the posting of the bond, pending disposition of a reexamination proceeding involving the patent at

issue in the case. The district court granted the motion to compel the surety to pay the bond and denied JBL's motion to extend the stay of execution of the judgment. JBL appealed the denial of its motion to extend the stay of execution of the judgment. JBL also chose to pay the judgment itself rather than require its surety to pay on the bond. Recently, the Patent and Trademark Office confirmed the patentability of the claims at issue in the reexamination proceeding. Because those proceedings are completed, JBL now moves to dismiss its appeal.

Bose argues that because JBL paid the judgment, its appeal of the denial of its motion to extend the stay of the judgment became moot. JBL argues that its appeal did not become moot when it paid the judgment because an appellant may pay a judgment and nonetheless take an appeal of the judgment.

However, in its motion to dismiss its own appeal, JBL asserts that its appeal became moot when the PTO confirmed the patentability of the claims. Bose opposes JBL's motion on the ground that JBL and Bose have not agreed to terms pursuant to Fed. R.App. P. 42(b).* Instead, Bose argues that we must dismiss the appeal as moot and grant its motion for damages for defending the appeal.

It is an unusual situation when both parties move to dismiss an appeal and each party opposes the other's motion to dismiss. Nonetheless, we are persuaded to grant JBL's motion to dismiss its appeal. JBL states it offered to pay Bose's costs in defending the appeal, and we so order.

Accordingly,

IT IS ORDERED THAT:

(1) JBL's motion to dismiss is granted. Costs are awarded to Bose.

(2) Bose's motion to dismiss is denied.

(3) Bose's motion for damages pursuant to Fed. R.App. P. 38 is denied.

---

* Fed. R.App. P. 42(b) does not require that the parties agree to terms of dismissal. Although the clerk can only grant a motion to dismiss when the parties have agreed to the terms of dismissal, the court may grant an appellant's motion to dismiss "on the terms agreed to by the parties or fixed by the court."